Langrell against James D. Wright, administrator of George W. Moore, deceased, for services rendered the deceased during his lifetime by the plaintiff.

(See case for alleged insufficiency of bill of particulars filed, 1 *Boyce* 219, 77 *Atl.* 772.)

At the trial, after the plaintiff had proved the nature and value of the services rendered and closed her testimony, the defendant moved for a nonsuit on the ground that the plaintiff had failed to produce the probated account covering the services sued for, as required by § 29, *c.* 89, *p.* 677, *Revised Code.* The plaintiff admitted that such production had not been made.

PENNEWILL, C. J., delivering the opinion of the court:

The statute seems to be plain upon this question. *Section* 29, of *chapter* 89 of the *Revised Code*, at *page* 677, provides:

"Before an executor, or administrator, shall pay any debt against the deceased, the person holding the same shall make affidavit that nothing has been paid or delivered towards satisfaction of said debt, except what is mentioned, and that the sum demanded is justly and truly due."

Later in the section there is this provision: "If affidavit, as above required, be not produced in an action against an executor or administrator, for a debt against the deceased, the plaintiff shall, upon motion, be nonsuited; and if such action shall have been brought, without previously exhibiting to the defendant an affidavit in due form, the plaintiff shall not recover any costs," etc.

The probated account not having been produced as required by the statute, let a nonsuit be entered.

———·———

SAMUEL S. MARLEY *vs.* WILLIAM L. DUFF.

PLEADING—DECLARATION—UNCERTAINTY—DEMURRER.

A declaration which alleges that defendant maliciously and unlawfully

without a warrant, and without any reasonable cause, procured the arrest of plaintiff near midnight in his own house. is demurrable, because it is uncertain whether the cause of action is in trespass or in case.

(*May* 11, 1911.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Julian C. Walker* for plaintiff.

*Frank L. Speakman* and *Sylvester D. Townsend, Jr.*, for defendant.

Superior Court, New Castle County, May Term, 1911.

CAPIAS CASE (No. 19, January Term, 1911). Slander.

Demurrer to declaration.

This is an action of trespass on the case for alleged slander. The declaration contains ten counts. Counsel for the defendant pleaded to the first nine counts and filed a special demurrer to the tenth, or last count,· which charged that the "said defendant, heretofore, etc., on etc., in etc., falsely and maliciously and unlawfully with force and arms, without a warrant, and without any reasonable or probable cause, caused and procured the said plaintiff to be arrested, near midnight, in his own house," etc. Among the causes of demurrer relied upon, objection was made that "said count is ambiguous and uncertain, in that it is impossible to determine therefrom whether the plaintiff seeks to recover for direct or consequential injuries."

PENNEWILL, C. J.:—It is uncertain from the tenth count in the declaration whether the plaintiff's alleged cause of action is intended to be laid in trespass or in case.

The demurrer is sustained.

---

SAMUEL S. MARLEY *vs.* WILLIAM L. DUFF.

1. FALSE IMPRISONMENT—PLEADING—ALLEGATIONS AS TO DAMAGES.

A declaration in an action for false imprisonment, which charges in one count that defendant falsely, maliciously, unlawfully, and without any probable cause procured the plaintiff to be arrested, and which alleges in another